UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-253-GWU

DORIS A. POE,                                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

The plaintiff originally brought Poe v. Barnhart, Lexington Civ. Action No. 05-48-JBC (E.D. Ky.), to seek judicial review of an administrative decision to deny her applications for Social Security Income (SSI) and Disability Insurance Benefits (DIB). After a period of administrative reconsideration prompted by the Memorandum Opinion and Order of March 29, 2006 issued by the Honorable Jennifer B. Coffman, another negative agency decision was issued (Tr. 232-40). The appeal is now before the undersigned on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

1

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the

07-253  Doris A. Poe

Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

07-253 Doris A. Poe

symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a

4

factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

5

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient,

if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Doris A. Poe, a woman whose age was between 48 and 51 during the times relevant to her applications, with a high school equivalency diploma and semi-skilled work experience, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of low back pain secondary to degenerative disc disease with arthritis of the facet joints, mild bilateral carpal tunnel syndrome, gastroesophageal reflux disease, biliary dyskinesia, "multiple arthralgias, rule out fibromyalgia" and depression.  (Tr. 234-5).  Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that Mrs. Poe retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 239-40).  The Appeals Council declined to review, and this action followed.

At the second of two administrative hearings, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any

jobs if she were capable of either light or sedentary exertion, and also had the following non-exertional restrictions. (Tr. 390). She: (1) could not climb ladders, ropes, or scaffolds; (2) could not work with her hands above shoulder level; (3) could occasionally flex and extend her wrists, perform occasional handling or gripping, and occasional pushing and pulling with her upper extremities; (4) could have no exposure to concentrated vibration or vibratory hand tools; (5) could occasionally bend, twist, or crawl; and (6) required simple work with repetitive procedures, no frequent changes in work routines, and no fast-paced assembly lines or rigid production schedules. (Tr. 390-1). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 392-3).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff testified that she voluntarily left her last job because of a back problem which kept her from lifting. (Tr. 372-3, 375). She also described difficulties with neck pain and a frozen shoulder, as well as carpal tunnel syndrome, for which she wore splints at night. (Tr. 365, 369-71, 377). She was taking medication for her nerves, but had stopped attending counseling. (Tr. 360-1).

Although there is a large amount of medical evidence in the transcript, which does confirm that the plaintiff had carpal tunnel syndrome and mild impingement syndrome in her left shoulder (Tr. 311-12), a history of right shoulder pain which had

occurred even before she stopped working (Tr. 142, 170), a diagnosis of fibromyalgia by a rheumatologist (Tr. 185), and a diagnosis of depression by a psychiatrist (Tr. 216), the only functional restrictions given were by state agency reviewing sources (Tr. 147-53, 173-9), whose findings are consistent, albeit less restrictive, than the ALJ's ultimate finding, and a functional capacity assessment by Dr. Michael A. Boyd, the plaintiff's treating family physician, which limited the plaintiff to less than full-time sitting or standing (Tr. 343-6). However, the ALJ reasonably rejected Dr. Boyd's restrictions based on the doctor's statement that the "findings are subjective based on physical exam and interview with patient" and that "should objective findings be necessary, [I] recommend work hardening evaluation." (Tr. 345). Even the opinion of a treating physician must be supported by objective signs, symptoms, and laboratory findings in order to be entitled to controlling weight. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). While Dr. Boyd did mention a physical examination, the main point of his comments seems to be that he was basing his restrictions on the plaintiff's subjective statements and felt that a further evaluation would be needed. Consequently, his opinion was not entitled to complete deference. The ALJ's choice of hypothetical factors, which included many, though not all, of the restrictions listed by Dr. Boyd, as well as all of the restrictions given by state agency sources, is supported by substantial evidence.

The plaintiff's other argument concerns the consistency of the VE's testimony with the Dictionary of Occupational Titles (DOT), the issue which prompted Judge

07-253  Doris A. Poe

Coffman's remand.[1]  Following the remand, the ALJ obtained testimony from a new Vocational Expert, Dr. Ralph Crystal.  (Tr. 388).  Dr. Crystal identified several jobs as being consistent with the hypothetical question and generally consistent with the descriptions of the jobs given in the DOT, including counter clerk, "monitoring and surveillance security monitor" jobs, "attendant . . . and usher types of jobs," and jobs involving machine tending.  (Tr. 392-3).

The plaintiff raises a number of specific objections to each job listing.  The Commissioner concedes that the DOT number given for light level monitor and surveillance security monitor, 372.667-040, does not exist, and to this extent, the VE's testimony is inconsistent with the DOT.  However, the remainder of the plaintiff's objections are not well taken.

First, the plaintiff argues that the job of counter clerk was not consistent with the hypothetical question, citing a letter written by another VE, Robert E. Breslin, which cites a publication known as the Occupational Outlook Handbook 2004-2005. This reference purportedly states that counter and retail clerks should enjoy working with people, be able to deal tactfully with difficult customers, and be able to handle several tasks at once.  (Tr. 304).  Mr. Breslin opined that this was "not a description of routine work but rather of a job that requires an individual to change tasks as the

---

[1] The issue prompting the remand was that many of the positions identified by the first VE had a specific vocational preparation level higher than allowed by the hypothetical question.  Poe v. Barnhart, Lexington Civil Action No. 05-48-JBC, pp. 3-5.

10

07-253  Doris A. Poe

demands of customers require." However, to the extent that Breslin's opinion on this issue differs from Dr. Crystal's, the ALJ was not required to accept Breslin's opinion. Moreover, Social Security Ruling (SSR) 00-4p only requires the VE to be asked about inconsistencies between his testimony and the DOT, not the Occupational Outlook Handbook.

Second, the plaintiff argues that the job of sedentary monitor, DOT 379.367-010, is inappropriate in view of a statement in SSR 83-14 that a limitation to unskilled sedentary work with a significant loss of bilateral manual dexterity would warrant a conclusion of "disabled." As the Commissioner points out, however, SSR 85-15, issued subsequently, simply provides that a VE should be consulted in such circumstances, which was done. SSR 85-15, p. 7.

Third, the plaintiff objects to the consistency of the attendant and usher jobs with the DOT. She notes that, while the ALJ described the job of "gate attendant" (Tr. 239), DOT 349.667-018 is a job called "children's attendant." This error is insignificant, however, because the VE simply described the job as "attendant," and the error made by the ALJ does not affect the reliability of the VE's testimony. (Tr. 393). The plaintiff attacks the appropriateness of the job of usher, noting that the VE had testified the job numbers would be diminished if a sit/stand option were included. (Tr. 400). However, no sit/stand option was determined to be necessary by the ALJ, and no evidence from a medical source other than Dr. Boyd would require one.

07-253 Doris A. Poe

Finally, the plaintiff says that the job of machine tender, DOT 728.685-010, would require frequent reaching and fingering, which would be inconsistent with the hypothetical question. While the DOT does make such a provision, it also says that the job requires only "occasional" handling, the factor which the VE testified was most relevant to the hypothetical restrictions (Tr. 397); the DOT also says the job requires no feeling. The hypothetical question's limitation to no work with hands above shoulder level is not specifically addressed in the DOT, nor is pushing or pulling. Therefore, the VE's evidence is not clearly inconsistent with the DOT.

The decision will be affirmed.

This the 21st day of May, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge